914 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tom H. BANKS, Plaintiff-Appellant,
v.
Lt. Tom HARNEY, Disciplinary Board Chairman, Herman C.
Davis, Warden, Norma Egger, Disciplinary Board Member, Ray
Tucker, Disciplinary Board Member, Charlie Jones, AWS, Sgt.
Virgil Davis, Cpl. Doug Cook, Cpt. Tim Sexton, Rick Elmore,
Correctional Officer, T.R. Young, Deputy Commissioner,
Stephen Norris, Commissioner, Defendants-Appellees.
 No. 89-6340.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Tom H. Banks, who is represented by counsel, appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. Banks contends that the defendant prison officials' response to a work stoppage at the Morgan County Regional Correctional Facility (MCRCF) violated his first, eighth, and fourteenth amendment rights. The incident at issue occurred on April 22, 1987, when the long line workers at MCRCF refused to return to work. The warden ordered all the inmates involved in the work stoppage to be confined behind a barricade on the lower yard. The work stoppage lasted approximately three days. Banks was not involved in the work stoppage; however, he was immediately placed in administrative segregation after cursing the situation at MCRCF. Banks was subsequently charged and convicted by the prison Disciplinary Board of inciting to riot.
 
 
 3
 Banks contended in the district court that: (1) he was indiscriminately charged with inciting a riot; (2) he was merely exercising his first amendment right to freedom of speech by disagreeing with the administration's policy of moving noninvolved inmates from their established cells; (3) he was placed in the exercise pen outside Unit One for six hours which was cruel and unusual punishment under the circumstances; and (4) he was denied due process prior to and during the disciplinary proceedings. Banks sought declaratory, injunctive and monetary relief.
 
 
 4
 The district court granted summary judgment to the defendants. The court concluded: (1) that Banks failed to state a claim regarding the write-up for inciting a riot; (2) that Banks's vocal disagreement with the administration's policy of moving inmates not involved in the work stoppage was not speech protected by the first amendment; (3) that Banks's placement in the exercise pen outside Unit One for six hours did not constitute cruel and unusual punishment; and (4) that Banks was not denied due process during the disciplinary proceedings. Upon consideration, we conclude that summary judgment was proper. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 5
 Accordingly, the district court's order is hereby affirmed for the reasons stated in its memorandum entered September 15, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.